MOORE *v.* HARNECK.

1. APPEAL AND ERROR—EVIDENCE, FAILURE TO INTRODUCE—CONDUCT OF COURT.

Where, after the court's suggestion that defendant offer additional proofs to perfect the record was not acted upon by counsel, a verdict was directed against him, it cannot be contended in the appellate court that defendant was stopped by the court from offering additional testimony considered by him to be material.

2. TELEGRAPHS AND TELEPHONES—REPLEVIN—REBATE—NEW CONTRACT.

In an action of replevin for a telephone which defendant had ordered out, and then refused to surrender after the termination of his contract on the theory that a rebate was due him, evidence that plaintiff told defendant to go to the bank and get his rebate, *held*, not sufficient to establish a new contract.

3. SAME—RIGHT TO POSSESSION.

A promise to repay money to defendant would not affect plaintiff's right to possession of the telephone on the expiration of the rental contract.

4. NEW TRIAL—EVIDENCE—OMITTED TESTIMONY—TRIAL.

A motion for a new trial because of omitted testimony was properly denied where said testimony, if received, would not have changed the result.

5. SAME—DISCRETION—ATTORNEY AND CLIENT.

It was not an abuse of the court's discretion to deny a motion for a new trial because of counsel's unfamiliarity with the details of the testimony, he not expecting to try the case, but only to assist.

Error to Sanilac; Beach, J. Submitted January 18, 1918. (Docket No. 144.) Decided March 27, 1918.

Replevin in justice's court by William J. Moore against William Harneck for the possession of a telephone. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for

plaintiff on a directed verdict. Defendant brings error. Affirmed.

*W. H. Burgess,* for appellant.

Plaintiff, in the year 1911, was owner of a telephone system, with a central office at Marlette and a line in the highway in front of defendant's farm. Defendant was a subscriber, using a telephone installed in his home by plaintiff, belonging to plaintiff. There was a contract, expiring February 1, 1915, and defendant had paid his telephone rental to that .date. The testimony tends to prove that in July, in the year 1914, with a change of system, certain persons at one time on the line—persons with whom defendant had business relations and needed often to call by telephone— were put on another line. As early as August, 1914, defendant complained to plaintiff about the said change and also about the service. Under date of August 8, 1914, he wrote to plaintiff a letter in which he says—

"I would like to have you move your telephone poles off my farm as I want to plow and level the ground where they stand. Please move at once. If you have a right to part of my farm lets see your papers. * * * Please put him" (Frank Heifner, one of the parties changed over to another line) "back on our line and fix my phone, or come and pay money back, take poles and phone off my place at once."

The details of the trouble are not very important. This excerpt from the letter of August 8th indicates, fairly, the attitude of defendant. He did not recall nor amend the order or request contained in this letter. Under date August 15, 1914, he again wrote to plaintiff, concluding his letter by saying,

"So please put the Heifner boys phone back on this line, or come and pay my money back, take poles and phone off my place at once. No need of waiting any longer as I mean what I say about the matter."

Differences were not arranged. Defendant did not renew, or offer to renew, his subscription, and it is plain that he did not intend to do so.

Possession of the telephone having been refused February 18th, on February 24, 1915, plaintiff sued out in justice's court a writ of replevin and upon the writ an officer took the telephone and attachments. In the replevin suit pleadings were filed, there was a trial and a judgment for plaintiff. Defendant appealed to the circuit court and in that court plaintiff's testimony tended to prove, among other things, the admission by plaintiff that defendant had not had, for some period of time, proper service and the offer of plaintiff to allow defendant a rebate. Defendant's testimony tended to prove that upon one occasion plaintiff told him that he was entitled to about six months' rebate and told him to go to the bank and "get the rebate." No rebate was in fact called for at the bank or was paid, and none was otherwise tendered. It is doubtful if the testimony, all of it, can be construed as proving an open or unconditional offer to pay, or allow, a rebate; rather, it tends to prove an effort to have defendant continue to rent his telephone and that the offer was made as an inducement to him to do so.

Before plaintiff rested, the court called upon counsel for a statement of theories and counsel for defendant said:

"We claim we paid, and it is admitted we paid, up to the first day of February, 1915. We claim that we were entitled under the arrangements by which they had the telephone there and also by the statement of the plaintiff himself, to a rebate of six months—about $6.00 or a little better, and that we had not been paid that money back, and consequently we are entitled to the telephone for a further period of time or the money back. If he came and paid us the money he was entitled to his telephone, but if he didn't pay us the money we were entitled to hold the telephone and use it during that time."

Defendant, called as a witness in his own behalf, gave some testimony. While he was upon the stand, after a colloquy between court and counsel, the court said,

"I think, Mr. Burgess, you may make an offer of such additional testimony as you think you will require to perfect your record, but I think the character of the holding was such as to preclude any recovery on his part."

The right to make further offers of testimony was again expressly given to defendant. No offer was made, and the court directed a verdict for plaintiff and there was a judgment entered on the verdict. Defendant moved for a new trial, stating as grounds therefor, (1) that defendant was stopped by the court from giving further testimony, (2) if permitted, defendant would have given evidence tending to show that plaintiff had extended the time for which defendant had paid for the use of the telephone beyond the date of the issuance of the writ in this case, (3) the court prevented defendant "from producing the evidence necessary to sustain his theory in the case." This is not the language of the motion but its material substance. Affidavits were filed with the motion, one made by defendant, one by his wife, and one by counsel who tried the cause. Those of defendant and his wife were to the effect that if they had been interrogated upon the subject they would have testified that plaintiff had told them in December, 1914,

"That he wanted me as his customer and he would fix this phone matter up and make it satisfactory and if he couldn't do so he would take the phone out in the spring, pay me back my rebate and remove the poles from in front of my place. Mr. Moore on that occasion said he knew we had not had service and I was entitled to a rebate of about six dollars and that we could have the phone till we used up the rebate."

The affidavit of counsel is to the effect that he had not expected to try the cause, but only to assist in the trial, and he was not as familiar with the details of the testimony to be presented for defendant as otherwise he would have been, and had a mistaken idea of the character of some of the evidence, and, although prompted by defendant's wife while defendant was on the stand, failed to get the significance of her advice that there was the parol offer above referred to. The motion was denied.

OSTRANDER, C. J. (*after stating the facts*). In the brief for appellant (no brief has been presented by appellee) there is a contention made which proceeds upon the theory that the court stopped defendant from giving testimony. Upon the merits it is contended that defendant was entitled to the possession of the telephone for six months after February 1, "to use up the rebate of 6 months allowed him by the plaintiff; that this was plaintiff's usual method of adjusting rebates." It is further contended that the allowance of the rebate had the effect to renew the contract for the period for which the rebate would pay, and this independent of plaintiff's alleged express promise; that a new trial should have been granted, that whether—

"The conditions between plaintiff and defendant with reference to this telephone were such as to justify plaintiff in revoking defendant's contract was a question of fact to be determined by the jury."

Finally, it is said:

"There was enough testimony of defendant's theory of the case in the evidence to make an issue upon plaintiff's right to possession of the telephone sufficient that the jury should have been permitted to pass upon same; and we think it was error for the court to refuse it."

Defendant's counsel argues none of these, content-

ing himself with their statement. It is obvious that the court did not stop defendant from giving testimony, and there can be no question concerning the duty of counsel, upon the suggestion of the court, to state, to offer to prove, facts believed by him to be material to the issue. I assume that if he had been informed he would have offered to prove, either by statement or by interrogating the witness, the facts set up in the motion for a new trial. As it was, it does not appear there was any available testimony, known to him, which was not given.

There is no testimony tending to prove that plaintiff had any method of adjusting rebates. There was no rebate *allowed* to defendant. But if there was a parol promise to repay him money, or to pay him money, it cannot affect the right of plaintiff to possess himself of the telephone and its attachments. There is no testimony tending to prove that defendant ever agreed to accept the use of the telephone in place of some sum due him as a rebate, or claimed by him to be so due, or offered to him as such. On the contrary, if the testimony establishes any fact beyond doubt, it is the fact that defendant did not want the telephone at all unless the Heifner boys were on the line, and, accepting his testimony as true, he never had proper, and often had no, service after August, 1914. The theory of a new contract is not only not supported by testimony but it is disproved by defendant's testimony. He testified that in January, 1915:

"I talked with Mr. Moore from Marlette over the telephone about the rebate, and also about placing the Heifner boys back on the line with me. He told me I could go to the bank and get the rebate."

It was not error to deny the motion for a new trial, because if the omitted testimony had been received it could not have changed the result. Nor can this court say it was an abuse of discretion for the trial court

to refuse the excuse offered for the failure to offer the testimony. at the trial.

Error is not made to appear, and the judgment is affirmed.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.